UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRIAN KIRKLAND,

                              PLAINTIFF,                      **COMPLAINT**

            -AGAINST-                                     19-CV-5634

NEW YORK CITY, POLICE OFFICER JANE DOE,
POLICE OFFICER JOHN DOE 1, POLICE OFFICER
JOHN DOE 2, POLICE OFFICER JOHN DOE 3, and
POLICE OFFICER JOHN DOE 4, individually, and in
their capacity as members of the New York City Police
Department,

                              DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff Mr. Brian Kirkland ("Mr. Kirkland") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about February 3, 2019, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Kirkland to, *inter alia*, False Arrest and Excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Kirkland, is a citizen of the United States and at all times here relevant resided at 279 West 117th Street, Apt. 4T, New York, NY 10026.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Jane Doe ("PO Jane Doe"), Police Officer John Doe 1 ("PO John Doe 1"), Police Officer John Doe 2 ("PO John Doe 2") Police Officer John Doe 3 ("PO John Doe 3") and Police Officer John Doe 4 ("PO John Doe 4") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Kirkland has worked as a union truck driver for over twenty years.

11. On or about the evening of February 2, 2019, Mr. Kirkland went to Lorraine's bar in the Bronx.

12. Mr. Kirkland was with friends and family members.

13. At approximately 1:00 am on February 3, 2019, Mr. Kirkland was informed that his son's girlfriend had been arrested outside of the bar.

14. Mr. Kirkland went outside of the bar.

15. There were multiple police officers at the location.

16. Mr. Kirkland tried to locate his son's girlfriend.

17. One of the police officers pushed Mr. Kirkland in the chest.

18. Mr. Kirkland walked away from the scene along with his cousin, Burnette Kirkland.

19. PO Jane Doe, PO John Doe 1, PO John Doe 2, PO John Doe 3, and PO John Doe 4 then came after Mr. Kirkland.

20. PO Jane Doe shouted for the officers to get Mr. Kirkland.

21. PO John Doe 1, PO John Doe 2, PO John Doe 3, and PO John Doe 4 grabbed Mr. Kirkland from behind and pushed him into a metal gate.

22. The officers tried to cuff Mr. Kirkland behind his back.

23. Mr. Kirkland informed the officers that he recently had surgery on his left shoulder and could not move his arm any further.

24. The officers ignored Mr. Kirkland.

25. PO John Doe 1, PO John Doe 2, PO John Doe 3, and PO John Doe 4 picked up Mr. Kirkland and threw him onto the ground.

26. The left side of Mr. Kirkland's face hit the ground.

27. Mr. Kirkland also hurt his right elbow and right shoulder as a result of being thrown to the ground.

28. The officers put their knee on the back of Mr. Kirkland's neck, meaning Mr. Kirkland could not breathe properly.

29. The officers pulled Mr. Kirkland's arms behind his back, causing severe pain to Mr. Kirkland's right elbow and right shoulder.

30. Mr. Kirkland was taken to the 45th Precinct.

31. Mr. Kirkland was held at the precinct for approximately two hours.

32. Mr. Kirkland was given a summons for Disorderly Conduct and released.

33. On or about March 11, 2019, Mr. Kirkland received notification in the mail that the summons had been dismissed with no appearance required.

34. Mr. Kirkland continues to suffer physically from injuries sustained in the incident.

35. Mr. Kirkland has suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

36. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

37. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

38. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

39. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – False Arrest)

40. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

41. Defendants have deprived Plaintiff of his civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

42. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

43. Defendants confined Plaintiff.

44. Plaintiff was aware of, and did not consent to, his confinement.

45. The confinement was not privileged.

46. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

## JURY DEMAND

47. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;

Awarding Plaintiff punitive damages in an amount to be determined by a jury;

Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         June 17, 2019

By:       /s/
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075